UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTINE E. GERBER-WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>AURORA LOAN SERVICES, LLC, et al.,<br><br>        Defendants. | CASE NO. C11-5393BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Christine E. Gerber-Williams's ("Gerber-Williams") motion for temporary restraining order (Dkt. 7). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 23, 2011, Gerber-Williams filed a complaint against Defendants Aurora Loan Services LLC, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Cal-Western Reconveyance Corporation of Washington ("Cal-Western") requesting declaratory and injunctive relief. Dkt. 1.

On May 25, 2011, Gerber-Williams filed certificates of service for Defendants Aurora Loan Services, LLC, and Cal-Western. Dkts. 4 & 5.

ORDER - 1

On May 27, 2011, Gerber-Williams filed a motion for temporary restraining order (Dkt. 6) and a motion for preliminary injunction (Dkt. 7). The preliminary injunction is noted to be heard on the Court's June 24, 2011 calendar. No Defendant has appeared or responded to either motion.

On May 27, 2011, Gerber-Williams submitted an affidavit of hardship. Dkt. 8. On June 6, 2011, Gerber-Williams filed an emergency affidavit stating additional facts in support of her motion for temporary relief. Dkt. 10.

## II. FACTUAL BACKGROUND

Gerber-Williams claims that she is the owner of the properties located at 12121 and 12123 108th Ave Ct. E, Puyallup, WA 98374 ("Property"). Dkt. 6, ¶ 10. She claims that Cal-Western has scheduled a trustee's sale of the Property for June 24, 2011. *Id.* ¶ 9. She claims that the Property consists of two rental properties and that losing the income from the rental properties would cause her "financial hardship." Dkt. 8 at 1.

## III. DISCUSSION

The court may issue preliminary injunctive relief where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1137–38 (9th Cir. 2011); *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance*, 632 F.3d at 1137–38.

In this case, Gerber-Williams has failed to meet her burden for temporary relief. First, she has failed to show that she is likely to succeed on the merits of her claim. While she does claim that MERS is an improper beneficiary under the Washington Deed of Trust Act, she has failed to show that this is a viable claim. It is true that the question

has been certified to the Washington Supreme Court (*Vinluan v. Fidelity Nat'l Title & Escrow Co.*, No. 10-2-27688-2); it is also true, however, that this Court has consistently found this claim to be without merit. *See, e.g., Freeston, v. Bishop, White & Marshall, P.S.,* 2010 WL 1186276 (W.D. Wash. 2010).[1]

Second, Gerber-Williams has failed to show that she is likely to suffer irreparable harm in the absence of relief. The Property in question is her rental property and not her own home. The Court finds that the loss of rental income is not irreparable harm.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Gerber-Williams' motion for temporary restraining order (Dkt. 7) is **DENIED**.

DATED this 13th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The order was recently upheld by the Ninth Circuit in a memorandum opinion.

ORDER - 3